MERRIMAN S. SMITH, JUDGE.
The Bonded Oil Company, a corporation existing under the laws of the state of Ohio, files this claim in the amount of $448.67 for the refund of overpayment to the state tax commissioner of business and occupation tax as levied by chapter 11, article 13, code (W. Va.) for the years 1942, 1943 and 1944, and which amount is admitted by the state agency after having made an audit of claimant’s books. The state tax commissioner on petition heretofore filed pursuant to code ll-l-2a, refunded similar overpayments for the years 1945, 1946 and the first quarter of 1947, but refused to refund the payments for prior years on the ground that the payments had been made more than two years *96 prior to tho filing of tho petition for a rofund, and wore thoroforo barrod by tho two-yoar statute applicable to tho state tax commissioner governing tho return of erroneously paid taxes.
The overpayments wore made because of an erroneous interpretation of the definition of “gross proceeds of sales” under chapter 11, article 115, section 1, in that amounts paid to the federal and state governments as a gallonage tax were included in determining the amount of the gross sales. The state, gallonage tax, amounting to five cents per gallon, as authorized in chapter 11, article 14, section 1», code, and the federal gallonage tax, amounting to .015 cents per gallon, as set out in 26 U.S.O.A. section 3412, as amended, should have been deducted from the total retail price of the gasoline, and the net figures used as a basis for the computation of tho business and occupation tax due the state of West Virginia by the claimant.
An itemized list of refund for the respective years are as follows:
Correct Amt. of Amount amount overpay-paid due ment
Year ending 12-31-1942 $681.58 $466.64 $214.94
Six Months ending 6-30-1943 223.23 153.41 69.82
Six Months ending 12-31-1943 164.03 111.57 52.46
Year ending 12-31-1944 359.44 247.99 111.45
making a total refund due of $448.67.
All of the overpayments for which claim is here made were paid within less than five years prior to the filing of this claim, and the only question before this court is whether the five-year statute of limitations under code 14-2-21, the act creating the state court of claims, applies rather than the two-year statute Of limitations, code ll-l-2a, which is applicable to the tax commissioner.
In conformity with the majority holding in former claims, namely, Raleigh County Bank v. State Tax Commis *97 sioner, No. 579 and Eastern Coal Sales Company v. State Tax Commissioner, No. 597, the opinion of the majority of the court in the instant claim is that it is the duty of this court to consider each claim as presented on its merits, and if there is a moral obligation upon the state under equity and good conscience, such as there would be in a judicial proceeding between private persons, that an award should be made and the five-year statute of limitations, code 14-2-21 is applicable to this claim. Therefore, an award in the amount of four hundred forty-eight dollars and sixty-seven cents ($448.67) is hereby recommended to be made to claimant, the Bonded Oil Company.